**WEST BROTHERS, INC., Complainant,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants.**

**Civ. A. No. 2221.**

United States District Court
S. D. Mississippi,
Hattiesburg Division.
July 1, 1969.

Douglas C. Wynn, Greenville, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendant.

Lawrence Semski, Biloxi, Miss., for intervenor.

John E. Faulk, Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for I. C. C.

Before COLEMAN, Circuit Judge, COX and RUSSELL, District Judges.

PER CURIAM:

This is an action under 28 U.S.C. §§ 1336, 1398, 2284, 2321–2325 whereby West Brothers, Inc., a Mississippi corporation, seeks to set aside a decision and order of the Interstate Commerce Commission granting the motor carrier application, as amended, of Southern Forwarding Co. to serve various points in the southern part of Mississippi including the extreme southern portion commonly called the Gulf Coast. Upon notice a temporary order was issued against the Commission and the United States of America restraining the issuance of a certificate in the Commission action, docketed as No. MC-71460 (Sub No. 5), Southern Forwarding Co., Extension—Mississippi (Memphis, Tenn.), pending a hearing by a three-judge court. The applicant, Southern Forwarding, was allowed to intervene, and it and the defendants seek to dismiss plaintiff's action. The cause has been submitted in full on the pleadings, the record before the Commission, including the detailed findings of the Commission's hearing examiner, on the Commission's order adopting these findings, and on briefs.

The sole function of this Court is to determine on the record before it whether the order of the Commission granting the application of Southern Forwarding for a certificate of public convenience and necessity, as amended, is supported by substantial evidence and is in accord with the applicable law.

By statute, 49 U.S.C. § 307(a), and the decisions thereunder, the Commission, in granting operating certificates to motor carriers, is given wide latitude in determining what constitutes public convenience and necessity. "The Commission is the guardian of the public interest * * *. Its function is not only to appraise the facts and to draw inferences from them but also to bring to bear upon the problem an expert judgment and to determine from its analysis of the total situation on which side of the controversy the public interest lies." United States, et al. v. Detroit & Cleveland Navigation Co., et al., 326 U.S. 236, 66 S.Ct. 75, 90 L.Ed. 38. Nor is the reviewing court to make a determination anew, but to determine if the Commission observed legal requirements in the conduct of their proceedings and whether conclusions as to public convenience and necessity had a rational basis in facts found, which must be supported by substantial evidence on the record considered as a whole. Watkins Motor Lines, Inc. v. United States, D.C., 243 F.Supp. 436. As stated by Judge Friendly in Salem Transportation Co. v. United States, D.C., 285 F.Supp. 322, Congress did not assign to the reviewing court the function of appraising the evidence differently than the Commission did, rather the court is limited to ascertaining whether there is warrant in the laws and the facts for what the Commission has done.

The decision and order of the Commission, dated August 31, 1967, adopting the findings and recommendations of the hearing examiner, described the service authorized to Southern Forwarding as:

"SERVICE AUTHORIZED:
Operation by applicant as a common carrier by motor vehicle, in interstate

or foreign commerce, over regular routes, of general commodities, except commodities in bulk, those of unusual value, livestock, household goods as defined by the Commission, commodities requiring special equipment, and those injurious or contaminating to other lading, (1) between Memphis, Tenn., and Gulfport, Miss., from Memphis over U. S. Highway 51 to Vaiden, Miss., thence over Mississippi Highway 35 to Mount Olive, Miss., and thence over U. S. Highway 49 to Gulfport, and return over the same route, serving no intermediate points between Memphis, Tenn. and Hattiesburg, Miss., restricted against service at Hattiesburg and points within the commercial zone of Hattiesburg as defined by the Commission, but serving all intermediate points on U. S. Highway 49 between Hattiesburg and Gulfport, and serving the off-route points of McLaurin, Brooklyn, Carnes, and the Mississippi Rocket Test Center in Hancock County, Miss.; (2) between Memphis, Tenn. and Mount Olive, Miss., from Memphis over Interstate Highway 55 to Jackson, Miss., thence over U. S. Highway 49 to Mount Olive and return over the same route, serving no intermediate points, as an alternate route for operating convenience only; (3) between Hattiesburg, Miss., and Pearlington, Miss., from Hattiesburg over U. S. Highway 11 to Santa Rosa, Miss., thence over Mississippi Highway 43 to junction Mississippi Highway 604, thence over Mississippi Highway 604 to Pearlington, and return over the same route, serving all intermediate points and the off-route points of Log Town, Cybur, Crossroads, Baxterville, and the Mississippi Rocket Test Center in Hancock County, Miss.; (4) between Pearlington, Miss., and Orange Grove, Miss., over U. S. Highway 90 serving all intermediate points and the off-route points of Lakeshore, Clermont Harbor, Waveland, Kiln, Fenton, De-Lisle, Cuevas, the Mississippi Rocket Test Center in Hancock County, Miss., Vancleave, and Moss Point, Miss.; and (5) between Hattiesburg, Miss. and Pascagoula, Miss., from Hattiesburg over U. S. Highway 49 to junction U. S. Highway 98; thence over U. S. Highway 98 to Lucedale, Miss., thence over Mississippi Highway 63 to Pascagoula, and return over the same route, serving all intermediate points and the off-route points of Leaf, Merrill, Bexley, Benndale, Agricola, Hurley, and Bigpoint, Miss."[1]

The hearing examiner, in a lengthy hearing, heard the testimony of witnesses representing Southern Forwarding, the applicant, and of those representing protesting carriers, of which plaintiff was one.[2] He received the proffered exhibits of all parties, and heard the testimony of 33 witnesses representing both consignees and shippers who advocated support of the application.[3] Succinctly, Southern Forwarding, by its amended application, applies for authority to carry general commodities between Memphis, Tennessee, and Gulfport, Mississippi, serving no intermediate points between Memphis and Hattiesburg, Missis-

---

1. It is noted that the complaint describes the routes and service initially sought by Southern Forwarding, whereas the certificate as amended and as approved by the hearing examiner resulted in certain specific changes in service from that sought in the original application.

2. Protests were filed by West Brothers, Inc., Red Ball Motor Freight, Inc., Campbell Sixty-Six Express, Inc., and Gordon Transporters, all of whom offered evidence before the hearing examiner. Hearin-Miller Transporters, Inc., and Viking Freight Company withdrew their protests upon amendment of the application. Protests were also filed by Georgia-Florida-Alabama Transportation Co., Braswell Motor Freight Lines, Inc., and Ryder Truck Lines, Inc., who either withdrew prior to the hearing or failed to appear.

3. Office Supply Co. and Barq's Inc., subsequently withdrew their support.

sippi, and restricted against service within the commercial zone of Hattiesburg as defined by the commission; with Hattiesburg as the hub, three service routes are sought fanning southerly to points in south Mississippi, one between Hattiesburg and Pearlington, one between Hattiesburg and Gulfport, and one between Hattiesburg and Pascagoula, with a fourth route along U. S. Highway 90 on the south from Pearlington to Orange Grove, and serving intermediate and off-route points on all these routes. The proposed service will permit Southern Forwarding to provide overnight transit time from Louisville, Kentucky, over its existing authority to the Memphis gateway, with overnight transit time from Memphis to the Gulf Coast, thus providing single line, two day service. As the evidence showed all of the witnesses who buy from manufacturers and distributors in Louisville and points north, except the two who withdrew, and those who ship to the north, reported they were receiving from four to thirteen day service to and from the Gulf Coast, and emphatically supported the application. The evidence also showed that some points on the proposed routes received no service, while others received delayed shipments, difficult to trace because of numerous interlinings. And finally, the evidence showed numerous complaints of unsatisfactory service, both as to transit times and claims service on the part of plaintiff, with whom Southern Forwarding would be most competitive. The hearing examiner evaluated this evidence in the light of four criteria: (1) are shippers familiar with available service; (2) have they tried such service; (3) are available services adequate in terms of transit time, claims and general reliability; and (4) will the applicant's proposal improve these conditions and eliminate the inadequacy. The hearing examiner found in the affirmative as to all four, and the Court finds that the evidence amply supports his conclusions.

The court having familiarized itself with the entire record before the Commission, the detailed analysis and findings of the hearing examiner, and having considered the nature of the myriad of objections by plaintiff, finds that they are without merit, and that the Decision and Order of the Commissioner is not arbitrary or capricious, but is supported by an abundance of evidence and is in accord with applicable law.

The Court finds that the temporary restraining order entered herein on December 7, 1967, should be set aside and vacated, and the complaint herein be dismissed at plaintiff's cost.

An order may be presented to any judge of this Court for entry on behalf of the entire Court.